08-3832-cv
Kennedy v. Manhattan and Bronx Surface Transit

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> DENNY CHIN,[*]
> > *District Judge*.

_____

Eugene Kennedy,

> *Plaintiff-Appellant,*

> v.                                                                      08-3832-cv

Manhattan and Bronx Surface Transit Operating Authority,

> *Defendant-Appellee.*[**]

_____

FOR PLAINTIFF-APPELLANT:             Eugene Kennedy, *pro se*, Fresh Meadows, New York.

_____

[*] Hon. Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption to read as shown above.

FOR DEFENDANT-APPELLEE: Baimusa Kamara, Office of the General Counsel, New York City Transit Authority, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Appellant Eugene Kennedy appeals from a judgment of the district court granting summary judgment to the Manhattan and Bronx Surface Transit Operating Authority ("MBSTOA") in his action for employment discrimination. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues.

This Court reviews discovery rulings made by the district court for abuse of discretion. *See Ind. Order of Foresters v. Donald, Lufkin & Jenrette*, 157 F.3d 933, 937 (2d Cir. 1998). We will reverse a discovery ruling only if "the action taken was improvident and affected the substantial rights of the parties." *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994) (internal quotation marks omitted). Here, there is no indication that MBSTOA failed to sufficiently respond to Kennedy's discovery requests. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii). The magistrate judge thus did not abuse her discretion in refusing to order the defendants to disclose the information requested by Kennedy. Moreover, there is no indication that the magistrate judge's rulings affected Kennedy's substantial rights. *See Goetz*, 41 F.3d at 805.

We review *de novo* a district court's grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). We will uphold a summary judgment award only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

Historically, this Court has applied the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to ADEA claims. *See, e.g., Terry*, 336 F.3d at 138. However, in *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009), the Supreme Court concluded that under the plain language of the ADEA, an employee bringing a disparate treatment claim must prove by a preponderance of the evidence that age was the "but-for" cause of the employer's adverse decision, and not merely one of the motivating factors. *Id.* at 2351. The Court noted that it "has not definitively decided whether the evidentiary framework of [*McDonnell Douglas*] . . . is appropriate in the ADEA context." *Id*. at 2349 n.2.

We need not decide whether to apply *McDonnell Douglas* in this case or to abandon it in light of *Gross*. The district court concluded that Kennedy failed to present evidence that would support a finding that his termination was motivated by anything other than what was perceived to be his inadequate work performance. That conclusion was not clearly erroneous. Accordingly, Kennedy neither made out a *prima facie* case under *McDonnell Douglas* by evincing evidence to support that he suffered an adverse employment action because of his age, nor carried the burden of proving by a preponderance of the evidence that his age was the "but-for" reason for his termination and that the defendant's stated reason was mere pretext. *See Gross,* 129 S. Ct. at 2351. We therefore affirm the district court's judgment for substantially the reasons stated by that court in its memorandum and order.

We have considered Kennedy's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
By:_____

SAO-ARW